1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Yi Li,

           Plaintiff,

    v.

Amazon.com, Inc.; Amazon.com Services LLC; et al.,

           Defendants.

Case No. 2:25-cv-01381-RFB-DJA

**Order**

12
13
14
15
16
17
18
19
20
21
22

      Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis* (meaning, without paying the filing fee).  (ECF No. 2).  Plaintiff has also filed a motion to amend his complaint, despite the Court's prior order that "Plaintiff may not file any further motions to amend his complaint until after the Court screens his complaint."  (ECF No. 14) (minute order); (ECF No. 23) (motion to amend).  Because the Court finds that Plaintiff's application is complete and demonstrates his inability to pay the filing fee, it grants his application to proceed *in forma pauperis*.  Because Plaintiff moved to amend his complaint in violation of the court's order, the Court denies his motion to amend and strikes it.  The Court screens Plaintiff's operative complaint (ECF No. 17) and finds that Plaintiff's complaint does not state a claim upon which relief can be granted and so dismisses it with leave to amend.

23

**I.**    ***In forma pauperis* application.**

24
25
26
27

      Plaintiff filed the affidavit required by § 1915(a).  (ECF No. 2).  Plaintiff has shown an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a).  The Court will now review Plaintiff's complaint.

28

## II.    Legal standard for screening.

As Plaintiff has been granted leave to proceed *in forma pauperis*, this Court will therefore screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (finding that liberal construction of pro se pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the

Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

## III.    Screening the complaint.

### A.    The Court screens Plaintiff's second amended complaint (ECF No. 17).

As a preliminary matter, the Court clarifies which complaint it screens.  On August 18, 2025, after Plaintiff filed numerous amended complaints and motions to amend his complaint, the Court granted one of Plaintiff's motions to amend (ECF No. 13), directed the Clerk of Court to file the amended complaint on the docket titled "Second Amended Complaint" (ECF No. 17), and informed Plaintiff that he " may not file any further motions to amend his complaint until after the Court screens his complaint."  (ECF No. 14).  Plaintiff then filed four motions to amend in violation of that order (ECF Nos. 18, 19, 20, 21), which motions the court denied and struck (ECF No. 22).  The same day the Court denied and struck those motions, Plaintiff filed a fifth motion to amend.  (ECF No. 23).  Because that motion again violates the Court's order, the Court denies and strikes it.[1]  *See* Fed. R. Civ. P. 15(a)(2) (explaining that "[i]n all other cases, a party may

---

[1] Even if the Court allowed Plaintiff's amendment and screened his proposed amended complaint, the proposed amendment suffers from the same deficiencies as Plaintiff's second amended complaint.  The Court would therefore dismiss Plaintiff's amended complaint (ECF No. 23) for the same reasons as it dismisses his second amended complaint (ECF No. 17).

amend its pleading only with the opposing party's consent *or the court's leave*") (emphasis

added); *see* Local Rule IA 10-1(d) (explaining that the Court may strike any document that does

not comply with an applicable provision of the Federal Rules).  The Court will screen Plaintiff's

second amended complaint filed at ECF No. 17.

> **B.    *Plaintiff does not allege sufficient facts to state a claim upon which relief can be granted.***

Plaintiff generally alleges that he faced racial discrimination and retaliation between April

of 2024 and April of 2025 while working at an Amazon facility in Nevada.  Plaintiff names

Amazon.com, Inc.; Amazon.com Systems, LLC; and ten Doe defendants.  He brings various

claims under Federal and Nevada law against Defendants.  However, Plaintiff's claims are too

vague and conclusory for the Court to find that he has stated any claim upon which relief can be

granted for two reasons.

First, Plaintiff refers to the Defendants collectively, without identifying each Defendant

and the action that Defendant took that violated his rights.  For example, Plaintiff alleges that in

September of 2024, after Plaintiff made a report, "Defendants responded with retaliatory

actions…"  As another example, Plaintiff alleges that on December 15, 2024, "Defendants issued

a retaliatory notice…"  But Plaintiff does not describe which Defendants took these actions.  To

the extent Plaintiff claims that Amazon.com, Inc. and Amazon.com Systems, LLC, took these

actions, he must allege *who* at those companies took the actions he alleges and *why* their actions

are attributable to the companies.  *See Braswell v. U.S.*, 487 U.S. 99, 110 (1988) (explaining that

"[a]rtificial entities such as corporations may act only through their agents…").

To the extent Plaintiff alleges that Doe Defendants took these actions, Plaintiff does not

adequately describe the Doe Defendants.  Plaintiff should be aware that Rule 10(a) of the Federal

Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action.

As a practical matter, it is impossible in most instances for the United States Marshal or his

designee to serve a summons and complaint or amended complaint upon an anonymous

defendant.  The Ninth Circuit has held that where identity is unknown prior to the filing of a

complaint, the plaintiff should be given an opportunity through discovery to identify the unknown

1    defendants, unless it is clear that discovery would not uncover the identities, or that the complaint

2    would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir.

3    1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  Where the names of

4    individual defendants are unknown at the time a complaint is filed, a plaintiff may refer to the

5    individual unknown defendants as Defendant John (or Jane) Doe 1, John Doe 2, and so on, and

6    allege facts to support how each particular Doe defendant violated the plaintiff's rights, including

7    when, where, and how.  A plaintiff may not simply identify a group of defendants and allege that

8    the group violated his rights.  A plaintiff may thereafter use the discovery process to obtain the

9    names of fictitiously-named defendants whom he believes violated his rights and seek leave to

10   amend to name those defendants.  Because Plaintiff does not identify the Defendants who harmed

11   him, the Court dismisses his complaint without prejudice and with leave to amend.

12          Second, even if Plaintiff did specifically identify the Defendants, Plaintiff's allegations are

13   too conclusory to state a claim upon which relief can be granted.  Plaintiff claims that Defendants

14   took retaliatory and disciplinary actions, but does not describe what those actions were.  Plaintiff

15   also vaguely alleges that Defendants made false statements about him on multiple occasions, but

16   does not describe when they made these statements, how, or why they were false.  Plaintiff's

17   vague assertions that Defendants harmed him are not sufficient to state a claim upon which relief

18   can be granted.  While Federal Rule of Civil Procedure 8(a)(2) does not require detailed

19   allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me-

20   accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Because Plaintiff's complaint only

21   contains vague assertions that Defendants unlawfully harmed him, he does not state a viable

22   claim and the Court dismisses his complaint without prejudice and with leave to amend.

23

24          **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma*

25   *pauperis* (ECF No. 2) is **granted.**  Plaintiff shall not be required to pre-pay the filing fee.

26   Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of

27   any additional fees or costs or the giving of a security therefor.  This order granting leave to

28

1  proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at

2  government expense.

3    **IT IS FURTHER ORDERED** that the complaint (ECF No. 17) is **dismissed without**

4  **prejudice** for failure to state a claim upon which relief can be granted, with leave to amend.

5  Plaintiff will have until **December 1, 2025,** to file an amended complaint if the noted deficiencies

6  can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court

7  cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint

8  complete.  This is because, generally, an amended complaint supersedes the original complaint.

9  Local Rule 15-1(a) requires that an amended complaint be complete without reference to any

10  prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer

11  serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,

12  each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to**

13  **comply with this order will result in the recommended dismissal of this case.**

14    **IT IS FURTHER ORDERED** that Plaintiff's motion to amend his complaint (ECF No.

15  23) is **denied.**

16    **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **strike**

17  Plaintiff's motion to amend (ECF No. 23) from the docket.

18    **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff

19  a copy of this order.

20

21    DATED: October 29, 2025

22  _____

23    DANIEL J. ALBREGTS
  UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28